Case No. 25-30088

UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

**In re: GARY WESTCOTT, Secretary, Louisiana Department of Public Safety and Corrections; and DARREL VANNOY, Warden, Louisiana State Penitentiary, In His Official Capacity,**
                                                        *Petitioners*

Mandamus action from Case No. 3:12-cv-796, Middle District of Louisiana

**OPPOSITION TO REQUEST FOR ADMINISTRATIVE STAY**

Cecelia Trenticosta Kappel
Loyola Center for Social Justice
7214 St. Charles Ave. Box 907
New Orleans, LA 70118
Tel: 504-861-5735
Email: ctkappel@defendla.org

Counsel for Respondents

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities, as described in the fourth sentence of Rule 28.2.1, have an interest in the outcome of this case.

| Parties | Counsel and Law Firms |
|---|---|
| Jessie Hoffman<br>Nathanial Code<br>Todd Wessinger<br>Daniel Irish<br>Daniel Blank<br>James Tyler<br>Anthony Bell<br>Jason Reeves<br>Willie Tart<br>Henri Broadway<br>**Plaintiffs – Respondents**<br><br>Gary Westcott<br>Darrel Vannoy<br>Maghen Shipley<br>Elizabeth Baker Murrill<br>**Defendants – Petitioners** | Promise of Justice Initiative<br>Samantha Bosalavage Pourciau<br>Center for Social Justice<br>Cecelia Trenticosta Kappel<br>Office of the Federal Public Defender<br>Letty S. Di Giulio<br>Shows, Cali, & Walsh, LLP<br>Jefrey K. Cody<br>Caroline M Tomeny<br>Louisiana Department of Public Safety & Corrections<br>Jonathan R. Vining<br>Louisiana's Office of the Attorney General |

/s/ *Cecelia Trenticosta Kappel*
Cecelia Trenticosta Kappel, La. Bar No. 32736

*Attorney of Record*
*for Respondents*

February 24, 2025

# TABLE OF CONTENTS

**CERTIFICATE OF INTERESTED PERSONS**..................................................2

**TABLE OF CONTENTS** ...................................................................................3

**TABLE OF AUTHORITIES** ..............................................................................4

**OPPOSITION TO REQUEST FOR ADMINISTRATIVE STAY** .....................5

    **I.   Petitioners Have Articulated No Irreparable Injury that Would Occur Absent a Stay** ..............................................................................................6

    **II.  Petitioners Are Unlikely to Succeed on the Merits**....................................6

    **III.  Plaintiffs have Diligently Attempted to Challenge the Execution Protocol and would be Irreparable Injured if Prevented from Proceeding** ..8

    **IV. This Court Should Deny a Stay** ..............................................................10

**CONCLUSION**................................................................................................11

# TABLE OF AUTHORITIES

**Cases**

*Barber v. Bryant*, 833 F.3d 510 (5th Cir. 2016) ........................................................5

*Ex parte Fahey*, 332 U.S. 258, 260 (1947) ................................................................4

*Hilton v. Braunskill*, 481 U.S. 770 (1987) .................................................................5

*Hesling v. CSX Transp., Inc.*, 396 F.3d 632 (5th Cir. 2005) ......................................8

*Nken v. Holder*, 556 U.S. 418 (2009) ......................................................................5, 9

*O'Bryan v. Estelle*, 691 F.2d 706 (5th Cir. 1982)......................................................7

*Shaw v. Martin*, 613 F.2d 487 (4th Cir. 1980)..........................................................7

*Williams v. State of Georgia*, 349 U.S. 375 (1955) ...................................................7

**Statutes**

28 U.S.C. § 1983 ..........................................................................................................6

**OPPOSITION TO REQUEST FOR ADMINISTRATIVE STAY**

The Petitioners move this Court to take the "drastic and extraordinary" measure of granting a writ of mandamus and staying proceedings to halt a *status conference* of a case reopened after dismissal *without prejudice*. *See Ex parte Fahey*, 332 U.S. 258, 260 (1947). The Application for Writ of Mandamus was filed on a Sunday night with no prior notice to counsel, who will oppose it on the merits. This Opposition is limited to the Petitioners' stay request. The Application lacks any merit but has the effect, if it must be responded to, of diverting resources from the merits of the challenge to the method of execution that the State has scheduled for March 18, 2025. This Court should allow the case to proceed for the following reasons.

"A stay is not a matter of right," but is instead "an intrusion into the ordinary processes of administration and judicial review." *Barber v. Bryant*, 833 F.3d 510, 511 (5th Cir. 2016) (quoting *Nken v. Holder*, 556 U.S. 418, 427 (2009)). In determining whether to grant a stay, the Court considers four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken*, 556 U.S. at 434 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). Likelihood of success on

the merits and the movant's irreparable injury are "the most critical" factors, and the movant must make a "strong showing" of each. *Id*. at 434–35. Petitioners have not made their required strong showing.

I. **Petitioners Have Articulated No Irreparable Injury that Would Occur Absent a Stay**

*First*, Petitioners have articulated no prejudice to justify the drastic measure of staying the proceedings in this case. On the contrary, a stay of the proceedings would cause the "delay" that Petitioners are concerned about and moreover waste judicial resources. As the Petitioners note, this case was pending for nearly a decade before it was dismissed without prejudice—discovery has been disclosed by both sides, motions to dismiss have been litigated, and it would be a massive waste of judicial resources to start from zero in a new suit. Petitioners do not take the position that a 28 U.S.C. § 1983 lawsuit challenging their method of execution is inappropriate, but instead complain about the reopening of *this* suit. Allowing the current suit to proceed rather than starting anew would further the expeditious resolution of Plaintiff's claims.

II. **Petitioners Are Unlikely to Succeed on the Merits**

*Second*, from the inception of this suit in December of 2012, this case has been a challenge to Louisiana's execution protocol itself, the lack thereof, and the lack of access to the protocol. Plaintiff Jessie Hoffman alleged, inter alia, that his execution would be performed "(1) in the absence of any protocol delineating the procedures

to be followed; [or] (2) pursuant to a secret protocol to which Mr. Hoffman has been denied access." Dist. Ct. ECF 1, at 5. At the time the suit was filed, the law provided for lethal injection as the sole method of execution. The Defendants' motion to dismiss was based on the unavailability of lethal injection as a method of execution. The District Court's ruling granting the Motion to Dismiss was clear that "[i]f a live controversy re-emerges [through legislation or revisions to the execution protocol], Plaintiffs may employ the same procedural mechanisms they have previously used to seek the relief they desire." Dist. Ct. ECF 312, at 21 (reproduced at Petitioners' App.030). The Court dismissed Plaintiffs' claims "without prejudice." *Id.* at 22-23 (Petitioners' App.031-032). Subsequently, legislation changing the statutorily-authorized methods of execution was passed, and apparently a new protocol has gone into effect. It was not until both the law changed, the Governor announced a new protocol, *and* a death warrant was signed setting Mr. Hoffman's execution date for March 18, 2025 that the District Court reopened the proceedings in light of these extraordinary circumstances. This ruling was supported by law and the specific record of this case with which the District Court has extensive familiarity.

Petitioners' argument that no extraordinary circumstances were present when the state is seeking to execute Plaintiffs on an expedited basis is disingenuous and callous. Petitioners present no independent case law suggesting that constitutional challenges of the methods of execution do not present extraordinary circumstances.

7

The issue here is access to the courts by individuals sentenced to death. "In a capital case, we must be particularly certain that the legal issues 'have been sufficiently litigated,' and the criminal defendant accorded all the protections guaranteed him by the Constitution of the United States." *O'Bryan v. Estelle*, 691 F.2d 706, 708 (5th Cir. 1982) citing *Shaw v. Martin*, 613 F.2d 487, 491 (4th Cir. 1980); *see also Williams v. State of Georgia*, 349 U.S. 375, 391 (1955) ("That life is at stake is of course another important factor in creating the extraordinary situation. The difference between capital and noncapital offenses is the basis of differentiation in law in diverse ways in which the distinction becomes relevant."). The District Court, which has presided over this case for over a decade, properly exercised its broad and equitable discretion to grant relief where justice requires it, this case should be reopened. *See Hesling v. CSX Transp., Inc*., 396 F.3d 632, 642 (5th Cir. 2005) ("The broad language of clause (6) gives the courts ample power to vacate judgments whenever such action is appropriate to accomplish justice.").

### III. Plaintiffs have Diligently Attempted to Challenge the Execution Protocol and would be Irreparable Injured if Prevented from Proceeding

*Third*, Petitioner's argument that a new suit could have been filed at the time the change in the law went into effect is belied by its own statements. Both prior to and after the effective date of the revisions to La. R.S. §§ 15:569-70, Plaintiffs submitted requests for administrative remedy procedure (ARPs) to the prison,

8

challenging the methods of execution and requesting a copy of the execution protocols. Both times, the prison rejected those requests as "premature." When Plaintiffs moved to reopen the proceedings, Defendants acknowledged that "the 2014 Protocol is still on the books," but argued that:

> "[T]he underlying legislation has changed, and the protocol must change along with it. Developing a new protocol, of course, takes time. So until that happens, there are no procedures for carrying out executions under the new law, and so no procedures for Plaintiffs to challenge.

Dist. Ct. ECF 327, at 2. Had Plaintiffs filed a new suit at that point, Defendants would have made the same argument.

Plaintiffs diligently moved to reopen the proceedings prior to the change in the law, as soon as a justiciable controversy re-emerged. On the very same day that the Governor announced that the Defendants were prepared to execute Plaintiffs with a new protocol, Plaintiffs supplemented their motion and again supplemented and asked for an expedited ruling in light of the issued execution warrants. Petitioners complain about the ruling reopening proceedings occurring three weeks before Mr. Hoffman is set to be executed, but Plaintiffs have been seeking to reopen these proceedings and litigate the merits of his claims for months. Although Mr. Hoffman's execution warrant was issued on February 12, the Defendants failed to serve him with notice of the method by which the State will kill him until February

9

20. Mr. Hoffman has no notice of the actual execution protocol at the time he moved to reopen the proceedings.

## IV. This Court Should Deny a Stay

No stay of the District Court proceeding here on this record is appropriate. The State's unprecedented actions in announcing a new protocol for a method of execution never used before in this state, and indeed only used in four other executions in history, and then seeking to execute Mr. Hoffman in just a month's time, have triggered an extremely compressed timetable that is no fault of Mr. Hoffman's. The public interest would be furthered by allowing this suit to proceed. From 2012, Mr. Hoffman has been trying to have the merits of his claims heard in court and it is only due to the actions of the Defendants that there has been no ruling on the merits.

Appellants must make a "strong showing" that they will suffer irreparable harm; "simply showing some possibility" of injury does not suffice. *Nken*, 556 U.S. at 434–35 (cleaned up). Appellants fail to satisfy that burden. The primary harm Appellants allege is: "*i.e.*, forcing Petitioners to participate in a procedurally improper method-of-execution challenge on the eve of a scheduled execution" Pet. at 29. Petitioners concede that Mr. Hoffman has a right to litigate the constitutionality of the newly announced gassing protocol they plan to utilize to put him to death on March 18, 2025. They would prefer him to do so in a new lawsuit,

but that is not required under the law. The District Court's Order to reopen the instant case will not cause them irreparable harm. *Mr. Hoffman* is at risk of irreparable harm if this suit is not allowed to proceed, as he is the one with a fast-approaching execution date—"a bell that cannot be unrung." Pet. at 32. This Court should allow the status conference scheduled for today at 1:30 p.m. to proceed.

## CONCLUSION

In conclusion, Respondents respectfully request that this Court deny the Petitioner's request to stay the proceedings below.

Respectfully Submitted,

/s/ Cecelia Trenticosta Kappel
Cecelia Trenticosta Kappel
Loyola Center for Social Justice
7214 St. Charles Ave. Box 907
New Orleans, LA 70118
Tel: 504-861-5735
Email: ctkappel@defendla.org

Counsel for Respondents

**CERTIFICATE OF SERVICE**

I, Cecelia Trenticosta Kappel, a member of the Bar of this Court and counsel for Respondents certify that, on February 24, 2025, a copy of the foregoing motion was filed with the Clerk through the Court's electronic filing system. I further certify that all parties required to be served have been served.

/s/ <i>Cecelia Trenticosta Kappel</i><br>
CECELIA TRENTICOSTA KAPPEL

## CERTIFICATE OF COMPLIANCE
## WITH TYPEFACE AND WORD-COUNT LIMITATIONS

I, Cecelia Trenticosta Kappel, a member of the Bar of this Court and counsel for Plaintiffs-Respondents, hereby certify, pursuant to Federal Rules of Appellate Procedure 27(d)(2)(A), 32(a)(5), and 32(a)(6), and Fifth Circuit Rule 32.3, that the foregoing motion is proportionately spaced, has a typeface of 14 points or more, and contains 1592 words.

/s/ *Cecelia Trenticosta Kappel*
CECELIA TRENTICOSTA KAPPEL

FEBRUARY 24, 2025